Mr. Justice Day
delivered the opinion of the Court.
We will refer to plaintiff in error as the defendant and to the defendant in error as the City.
Defendant, a minister speaking on a street corner, was charged with violating Ordinance No. 824.3 and 824.3-1, which reads as follows:
“Section 824.3 Loitering Prohibited. It shall be unlawful for any person or persons to be upon any public way or place of public nature in such manner as to:
“.3-1 Interfere with the free and. unobstructed use of such public way or place of public nature by any other person or persons; * *
Defendant was tried and convicted in municipal court, and on appeal to the superior court his conviction was upheld. He was given a suspended fine of $25.00.
 In this writ of error he attacks the constitutionality of the ordinance and also urges that the facts do not support his conviction. His conviction cannot be sustained on the basis of the evidence presented, and the case should, therefore, be reversed on that ground. Accordingly, we will not discuss the constitutionality of the ordinance but rather the manner in which an ordinance of this kind may be abused in its enforcement. In Hague v. C.I.O., 307 U.S. 496, 59 S. Ct. 954, 83 L. Ed. 1423, is found this pertinent statement:
“* * * Wherever the title of streets and parks may rest, they * * * have been used for purposes of assembly, communicating thoughts between citizens, and discussing public questions. Such use * * * has, from ancient times, been a part of the privileges, immunities, rights, and liberties of citizens. The privilege of a citizen of the *376 United States to use the streets and parks for communication of views on national questions may be regulated in the interest of all; it [the use of the public way] is not absolute, but relative, and must be exercised in subordination to the general comfort and convenience, and in consonance with peace and good order; but it [the right properly to use the streets] must not, in the guise of regulation, be abridged or denied.” (Emphasis supplied)
From the facts of the case the defendant at the time he was arrested was not interfering with the free and unobstructed use of the public ways. About a week prior to his arrest the defendant, who was without an assigned church or congregation, was disseminating his views on some of the civil rights activities in the South and was speaking in the vicinity of the same area where he was subsequently arrested. At that time he was asked by police officers to accompany them to the precinct station where they read to defendant some of the city ordinances. He was not arrested or charged, but was told to “go rent a hall.”
The following week he improvised a platform and began to speak on the street corner. There is conflicting evidence as to the number of persons he attracted. Estimates given in evidence ranged from 35 to 75 people. There is no conflict, however, that pedestrian traffic could move through the gathering, and that the police officers themselves had no difficulty in getting through the listeners to approach the defendant. But even if we deem the evidence sufficient for a finding that the persons listening to the defendant were of such numbers as to partially obstruct the walk, the defendant was not arrested for that offense. Instead the police officers ordered the crowd to disperse, which they did in an orderly manner, and after the crowd had dispersed defendant still was not placed under arrest. One of the police officers asked the defendant to accompany him to the station, where he was told “they wanted to read *377 some of the city ordinances to him.” The defendant refused to go on advice of counsel who was present to observe whether his client would be prevented from speaking.
Defendant then attempted to take his place upon the podium on which he had been speaking previously, and it was only then that he was placed under arrest. At the time he tried to mount the podium the second time there was no crowd and no obstruction of the walk or street.
It is apparent from the facts in this case that the defendant was not arrested for violating the ordinance in question but was arrested for defying an order to discontinue speaking. We therefore hold that the use of this ordinance under the circumstances here interfered with defendant’s right of assembly or free speech and is in violation of his rights under the First Amendment of the United States Constitution and Article II, section 10, of the Colorado Constitution.
The judgment of conviction is reversed and the cause remanded with instructions to dismiss the complaint and discharge the defendant.